UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 12-10264-RGS

UNITED STATES OF AMERICA

v.

THOMAS WALLACE

MEMORANDUM AND ORDER ON
DEFENDANT'S RENEWED MOTION
FOR REDUCTION OF SENTENCE

May 23, 2020

STEARNS, D.J.

The authority of a trial court to reduce the sentence of a committed prisoner, unlike in the case of a pretrial detainee, is narrowly circumscribed. Under 18 U.S.C. § 3582(c)(1)(A), the court may order a compassionate reduction of sentence only on a finding of "extraordinary and compelling reasons," or alternatively, on findings that apply to mostly elderly long-term inmates suffering from terminal or self-debilitating illnesses who are, as a result, no longer deemed a threat to the safety of any person or the community. Wallace does not fit any of the criteria that apply to this second category of inmate.[1]

---

[1] Given the heinous nature of the crimes for which Wallace was convicted, which involved kidnapping, torture, and extortion, I agree with the government's implicit argument that Wallace's release would pose a threat to the safety of the community even if he could meet the other alternative criteria for a compassionate reduction of sentence.

In his motion (now renewed),[2] Wallace asks that his original 156-month sentence be reduced to time served because medical staff at Danbury FCI, where Wallace is confined, "have taken illogical and dangerous actions in the past month in administering [his] medications for bi-polar disorder causing him preventable mental instability and anxiety." Def.'s Mot. (Dkt # 1176) at 1.   Wallace also complains about inadequate psychological counseling at Danbury FCI, his personal anxiety about the possibility of contracting the COVID-19 virus, and more specifically, "the failures of the BOP's medical staff to provide proper care" in managing his bipolar disease.[3] *Id.* at 4, 6.

As is apparent from the allegations set out in Wallace's Emergency Motion, the gravamen of his complaint is not that he has any medical condition that makes him more vulnerable than most inmates to COVID-19, but an assertion that the failure of prison medical staff to effectively treat his

---

[2] The court declined to rule on the initial motion (filed April 21, 2020) for a failure to show the exhaustion of the available administrative remedy (a request for a reduction of sentence made to the Bureau of Prisons (BOP)), which the court deemed a jurisdictional requirement.   Dkt # 1178.   That showing has since been satisfied.   *See* Dkt # 1179 (April 29, 2020, determination by the BOP that Wallace is ineligible for compassionate release).

[3] He also objects to the fact that the BOP ("without an examination") abided by his request to discontinue taking Depakote, an antiepileptic drug that he had been prescribed to control his bipolar disorder, which Wallace explains made him feel "horrible."   *Id.* at 4-5.

2

bi-polar disorder amounts to deliberate indifference to his serious medical needs in violation of his rights under the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). *But see Youngberg v. Romeo*, 457 U.S. 307, 323 (1982) (a prisoner's disagreement with the informed decision of a medical professional over the proper course of treatment does not raise a constitutional issue).

The Emergency Motion thus is improperly brought under § 3582(c)(1)(A), presumably as a means of circumventing the exhaustion requirements imposed by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), as a predicate to filing a "conditions of confinement" suit under 42 U.S.C. § 1983, "or any other Federal law." *See Ross v. Blake*, 136 S. Ct. 1850, 1857-1858 (2016) (there is no "special circumstances" exception to the exhaustion requirement of § 1997e(a)). Because I can foresee no circumstances under which Wallace at present could be deemed eligible for compassionate release, I also see no reason for a further hearing on the matter.[4]

ORDER

For the foregoing reasons, the Motion for an Emergency Reduction of

---

[4] I have carefully read and considered the moving and informative letter submitted by Wallace's sister, Tyisha Greenwood, on his behalf. I have no reason to doubt her sincerity in her willingness to assume custodial responsibility for her brother, but I am not convinced that living with Ms. Greenwood and her boyfriend in a secluded trailer park is a practical plan of supervision, particularly given that both Ms. Greenwood and her boyfriend have full-time jobs.

Sentence is <u>DENIED</u>.

SO ORDERED.

<u>/s/ Richard G Stearns</u>
UNITED STATES DISTRICT JUDGE